IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

BRENDA BURNELL                                              PLAINTIFF

vs.            Civil Case No. 4:03CV01015 HLJ

CONWAY REGIONAL MEDICAL
CENTER, INC.                                               DEFENDANT

<u>ORDER</u>

Defendant has requested an award of costs in the amount of $5,707.28 against Plaintiff under 28 U.S.C. § 1920. Rule 54(d) of the Federal Rules of Civil Procedure is generally viewed as a "codification of the 'presumption that the prevailing party is entitled to costs.'" <u>Greaser v. State of Mo.</u>, 145 F.3d 979, 985 (8th Cir.), <u>cert</u>. <u>denied</u>, 525 U.S. 1056 (1998), quoting <u>Bathke v. Casey's General Stores, Inc.</u>, 64 F.3d 340, 347 (8 $^{th}$ Cir. 1995). Courts have recognized, however, that the rule is phrased in permissive terms, and grants the court substantial discretion to deny a request for the assessment of costs. <u>Id.</u> "The burden is on the unsuccessful party to show circumstances that are sufficient to overcome the presumption in favor of the prevailing party, and if the court denies costs it should state the reasons for doing so to allow for review." 10 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, <u>Federal Practice and Procedure: Civil 3d</u>, 2668, at 232-33 (1998). <u>See also</u> <u>Martin v. Daimler Chrysler Corp.</u>, 251 F.3d 691 (8th Cir. 2001)(District court's award of costs to defendant affirmed where plaintiff "presented no argument that would overcome the presumptive award of costs.").

Plaintiff argues she is financially unable to pay such expenses and challenges various requests. If Plaintiff wishes to pursue this defense, she is directed to submit a financial affidavit of indigency within twenty (10) days from the date of this Order. If she does not do so, the court will presume she does not rely on this defense. If she does so, the parties are directed to submit within twenty (20) days thereafter, briefs with citations of authority on the question of whether the court may consider inability to pay in deciding whether to award costs.

Apart from that issue, the parties are directed to confer within twenty (20) days of the date of this Order to attempt to reach an agreement as to which costs are recoverable under 28 U.S.C. § 1920, and each party is to set forth their respective position on this issue in their briefs. The court notes that "even if a deposition is not introduced at trial, a district court has discretion to award costs if the deposition was 'necessarily obtained for use in [a] case' and was not 'purely investigative.'" Zotos v. Lindbergh School District, 121 F.3d 356, 363 (8th Cir. 1997), quoting Slagenweit v. Slagenweit, 63 F.3d 719, 720 (8th Cir. 1995)(per curiam). For each deposition and witness Defendant seeks recovery, Defendant must set forth whether that deposition or witness was used at trial and, if not, whether the deposition or witness was obtained for use in the case or was purely investigative.

SO ORDERED this 13th day of December, 2007.

_Henry L. Jones, Jr._
United States Magistrate Judge